### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDDY BELL, ET AL.,                              )<br>                                                             )<br>            Plaintiffs,                        )<br>vs.                                                         )           NO.  CIV-05-0355-HE<br>                                                             )<br>CMH MANUFACTURING, INC., ET AL., )<br>                                                             )<br>            Defendants.                      ) | |

### ORDER

Defendant CMH Manufacturing Inc. previously filed its motion to compel arbitration. Plaintiffs have objected to the motion. As the existence of an agreement to arbitrate was in issue, the Court set the matter for hearing on May 19, 2005. The parties appeared, presenting both argument and evidence.

The facts necessary to the resolution of the motion are not in dispute. The submissions to the Court indicate the plaintiffs purchased a manufactured home from Universal Mobile Homes Inc., a dealer or retailer for Clayton homes, in March, 2004. The home had been manufactured by defendants.[1] The purchase agreement entered into between plaintiffs and Universal did not include any provision as to arbitration of claims. Similarly, there was no separate agreement for arbitration entered into at the time of the sale. The only reference to arbitration in the transaction documentation was a provision in the owners

---

[1] *The defendants in this case are CMH Manufacturing Inc., Clayton Homes, Inc., and CMH Homes, Inc. Although the specific role of each entity is not clearly alleged, each or all of them are sued as the manufacturer of the subject home.*

manual which required arbitration of claims.[2]  The parties do not dispute that a copy of the owners manual was not provided to the plaintiffs at or before the time of their purchase. Rather, defendants indicated the usual practice was for the owners manual to be located in a drawer in the manufactured home, or on the floor of the home, at the time it was delivered to the purchaser.  After problems with the home developed, plaintiffs sought correction of them through contacts with defendants and/or Universal.  Plaintiffs asserted rights arising under the warranty accompanying the home and otherwise.

Agreements to arbitrate are, in general, enforceable.  However, there must be an agreement to enforce.  Whether an agreement exists is generally determined by the application of ordinary state law principles of contract formation.  First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995).  Those principles include the familiar requirement that there be mutual assent — a manifestation of mutual assent to the essential terms of the contract.  Here, the language upon which defendants rely appeared only after the "deal" had been struck and there was nothing in the contract documentation to that point which would have suggested to plaintiffs that they were agreeing to arbitrate any claims.[3]  Under the circumstances of this case, where the essential terms upon which defendants rely were

---

[2] *The manual, which was titled "Owners and Installation Manual with Limited Warranty and Arbitration Agreement for Multi-Sectional Homes," included, on p. 27, a provision requiring arbitration of all claims relating to the manufactured home at the election of either party.*

[3] *As noted above, the sales agreement included no reference to arbitration. It does include the following: "This agreement contains the entire understanding between dealer and buyer and no other representation or inducement, verbal or written, has been made which is not contained in this contract."*

included in a document located in the home at the time of its delivery, but not otherwise brought to plaintiffs' attention in a timely fashion, the Court concludes plaintiffs did not agree to arbitrate these claims.

Defendants' reliance on <u>Southern Energy Homes, Inc. v. Ard</u>, 772 So. 2d 1131 (Ala. 2000), and similar cases is unavailing here. The result in that case stemmed in considerable part from the absence of evidentiary materials sufficient to resist summary judgment, a circumstance not present here as to the essential facts. Further, that case involved an explicit agreement to arbitrate in the purchase contract and a separate arbitration agreement, both signed by the purchasers. While there are no doubt circumstances where a party may be bound by agreements not evidenced by formal, signed writings, such circumstances do not extend to the situation encountered here.[4]

Defendants' motion to compel arbitration is **DENIED**.

---

[4] *The language of the warranty and arbitration agreement involved here falls short of establishing an agreement with plaintiffs to arbitrate. The warranty specifically states that it applies only to the "first retail or commercial purchaser" of the home and "applies only while the home is located at the original retail or commercial site." If the Court presumes, as suggested by defendants, that Universal is a retail purchaser rather than a dealer, it seems neither the express warranty nor any "agreement" to arbitrate is applicable to the plaintiffs. If, on the other hand, Universal is in some sense a dealer for defendants, it is unreasonable for defendants to assert an "agreement" which was, in substance, a unilateral, after the fact, dictation of terms by them.*

**IT IS SO ORDERED**.

Dated this 24th day of May, 2005.

                                                       JOE HEATON  
                                                     UNITED STATES DISTRICT JUDGE