#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EDDY BELL, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. CIV-05-0355-HE |
| | ) | |
| CMH MANUFACTURING, INC., | ) | |
| d/b/a CLAYTON HOMES, INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

This matter is before the court on the plaintiffs' motion to dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). [Doc. #59]. Defendants have responded in opposition to the motion.

Plaintiffs filed a petition against the defendants in state court on February 15, 2005. The case was removed to this court by the defendants on March 30, 2005. Defendants filed their answer on April 6, 2005. On June 6, 2005, a scheduling order was entered by the court and the parties commenced discovery. On October 14, 2005, plaintiffs filed a motion for extension of time to file their expert witness list and reports. [Doc. #28]. Plaintiffs' counsel indicated in the motion that he had encountered difficulty obtaining the report of Dr. William J. Rea and requested an additional fifteen (15) days to file such report. The court granted the motion in part and denied it in part by allowing plaintiffs additional time to file the report of Dr. Rea only. Order of October 17, 2005. Plaintiffs filed their final list of expert witnesses on October 17, 2005. [Doc. #32]. Included within that pleading were the reports of two of the plaintiffs' experts, Dr. Rea and Anissa L. Geiger. However, the report of Dr. John W.

Ellis, listed as plaintiffs' third expert witness, was not included.[1]  On November 23, 2005, plaintiffs filed an agreed motion for extension of time to complete discovery.  [Doc. #38]. This motion was granted and the discovery period was extended to December 16, 2005. Order of November 23, 2005.  On December 15, 2005, defendants filed their motion for summary judgment as well as a motion to exclude the testimony of Dr. Rea and Ms. Geiger. [Doc. Nos. 51 and 52].  Also on that date, plaintiffs filed a motion to exclude the testimony of the defendants' expert witness, Dr. James R. Claflin.  [Doc. #53].  On January 3, 2006, plaintiffs filed their motion to dismiss this case without prejudice.  [Doc. #59].  They also filed their response to the defendants' motion to exclude as well as a motion for extension of time to respond to the defendants' motion for summary judgment.  [Doc. Nos. 56 and 58]. On that same date, defendants filed their response to the plaintiffs' motion to exclude.  [Doc. #55].

Plaintiffs have moved to voluntarily dismiss this action based on what counsel describes as "numerous problems" with expert witnesses, including the need to obtain a report from Dr. Ellis for the purpose of countering Dr. Claflin's testimony[2] and the need for additional time to allow Ms. Geiger to conduct further "destructive" testing on the mobile home.  With respect to the additional testing on the mobile home, counsel indicates that the plaintiffs are unavailable to authorize such testing in a timely fashion due to their extended

---

[1] *Plaintiffs' counsel states in the motion to dismiss that the court denied a motion to add Dr. Ellis as an expert witness.  However, plaintiffs never moved to add Dr. Ellis as an expert witness.*

[2] *Plaintiffs appear to be depending on an expert opinion to which several seemingly strong Daubert issues have been raised.*

stay in the Czech Republic.[3]  Because of the difficulties described, counsel indicates that additional time is needed to properly prepare the case for trial.  Defendants oppose the plaintiffs' request for dismissal claiming they would suffer unfair prejudice.  In the alternative, defendants suggest the court dismiss this case with prejudice or require the plaintiffs to pay their reasonable costs and attorneys fees in defending this action as a prerequisite to refiling the case.

Rule 41(a)(2) governs voluntary dismissals after a defendant has filed its answer or a motion for summary judgment.  As an answer and a motion for summary judgment have been filed by defendants, an order of the court is required before plaintiffs may voluntarily dismiss their cause of action.  See Fed. R. Civ. P. 41(a)(2) ("[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.").  "The purpose of this rule is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." County of Santa Fe, N.M. v. Pub. Serv. Co. of N.M., 311 F.3d 1031, 1047 (10th Cir. 2002) (internal quotations and citations omitted).  A court should normally grant such a dismissal if no legal prejudice to the defendant is shown.[4]  Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997).

---

[3] *Plaintiffs are reportedly scheduled to return to the United States around the first week of February.*

[4] *This is true even in the case of a removed action such as this one.  See* Am. Nat'l Bank and Trust Co. of Sapulpa v. BIC Corp., *931 F.2d 1411, 1413 (10th Cir. 1991) ("Rule 41(a)(2) provides no guarantee of federal jurisdiction to protect a removed action.").*

In determining legal prejudice to the defendant, the court should consider, among other relevant factors, the opposing party's effort and expense in preparing for trial, whether there has been an excessive delay and lack of diligence on the part of the plaintiff, whether the plaintiff's explanation of the need for a dismissal is sufficient, and the present stage of litigation. Ohlander, 114 F.3d at 1537. "Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper." Id. However, in reaching its conclusion, the Court "should endeavor to insure substantial justice is accorded to both parties." Id. Accordingly, the court must consider not only the equities facing the defendants, but also the equities facing the plaintiffs. Id.

The factors stated above, as applied to this matter, do not weigh in favor of plaintiffs. Their case has been pending for almost a year and is at an advanced stage of the litigation process. The discovery period has closed and a dispositive motion has been filed by the defendants. Serious Daubert motions, with the potential for significant impact on the disposition of this case, are pending as to plaintiffs' experts. Overall, the parties have expended considerable time, effort and money in preparing this case for trial.[5] As a result, the court concludes defendants would suffer significant prejudice if an unconditional dismissal is permitted now. The court also concludes, however, that the prejudice to

---

[5]*Defendants indicate they have incurred over $55,000 in attorney fees and costs in defending this action. This amount does not appear unreasonable based on the facts and circumstances of the case.*

Case 5:05-cv-00355-HE   Document 65   Filed 01/26/06   Page 5 of 6

defendants can be cured if the following conditions are applied to a dismissal of this action: 1) if this case is re-filed, plaintiffs must consent to the use in that action of any pertinent discovery material obtained during the course of these proceedings; and 2) if the plaintiffs ultimately prevail against the defendants, any award in their favor will be subject to a $30,000 offset in favor of defendants, as an approximation of the extra cost and expense to them that will flow from the dismissal and refiling.[6]  See Stone v. Rockwell Intern. Corp., 282 F.3d 787, 810 (10th Cir. 2002) ("[Th]e court's consent to voluntary dismissal may be conditioned upon such terms and conditions as the court deems proper.") (internal quotations omitted).

Plaintiffs shall have until **Friday, February 3, 2006**, to notify the court whether they elect to pursue the dismissal of this case.  If they so elect, the dismissal will be granted, without prejudice but upon the conditions stated above.  If plaintiffs do not so elect, the case will proceed in accordance with the scheduling order already in place.  In that event, plaintiffs' response to the defendants' motion for summary judgment will be due on **February 3, 2006**.  Plaintiffs' motion for extension of time to respond to defendants' summary judgment motion [Doc. #58] is **GRANTED** to permit filing by that date.

**IT IS SO ORDERED**.

---

[6]*The court's use of a $30,000 figure reflects that some of the preparation and expenses incurred by defendants in this case will be of benefit to them in any re-filed action.  As that figure is imposed as a condition of dismissal rather than an outright award of attorneys fees or costs, the court concludes it is unnecessary to undertake a formal (i.e. "lodestar," with applicable adjustments) determination of fees.*

5

Dated this 29th day of January, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE